## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HEMDATH MARAJ, | : | |
| Petitioner, | : | |
| vs. | : | CA 06-0580-CG-C |
| DEPARTMENT OF HOMELAND SECURITY, et al.,[1] | : | |
| | : | |
| Respondents. | | |

### **REPORT AND RECOMMENDATION**

Hemdath Maraj, a native and citizen of Trinidad and Tobago ordered removed from the United States and presently being detained by the United States Department of Homeland Security, has petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241.[2] This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C.

---

[1] Robert Gaines is no longer the acting warden of the Perry County Correctional Center. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the new warden of this detention facility, David O. Streiff, is substituted for Gaines as a proper respondent in this action.

[2] Petitioner is in the actual and present physical custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

§ 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed, without prejudice to being filed at a later date, because Maraj prematurely filed the present attack upon his post-removal-period detention.

## FINDINGS OF FACT

1. Maraj is a native and citizen of Trinidad and Tobago who entered the United States on January 1, 1990 as a lawful permanent resident. (Doc. 19, Exhibits A & B)

2. On November 22, 2004, petitioner entered a counseled guilty plea to one count of criminal sale of marijuana in the Supreme Court of New York, County of Franklin; he was sentenced, on January 3, 2005, to 365 days in the Franklin County Jail. (Doc. 19, Exhibit C)

3. On the basis of this conviction, the Department of Homeland Security placed Maraj into removal proceedings by the issuance of a Notice to Appear dated February 15, 2006. (Doc. 19, Exhibit D)

4. On May 2, 2006, Immigration Judge John B. Reid ordered Maraj removed from the United States. (Doc. 19, Exhibit E)

5. Maraj timely appealed the Immigration Judge's May 2, 2006 decision to the Board of Immigration Appeals. (*See* Doc. 19, Exhibit F) On

August 14, 2006, the Board of Immigration Appeals issued its decision affirming the Immigration Judge's determination and dismissing the appeal. (*Id.*)

> The Immigration Judge determined, and respondent's counsel conceded (Tr. at 20-21) that the respondent's conviction for criminal sale of marijuana in the third degree under New York law constituted an aggravated felony. We agree. For the determination whether the respondent's offense was a "drug trafficking crime," we must look to the definition of that term under 18 U.S.C. § 924(c). *See* section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B).³ That section provides that a "drug trafficking crime" is one that is a felony punishable under the Controlled Substances Act ("CSA") (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 et seq.). The Court of Appeals for the Second Circuit has held that any offense punishable under the CSA and classified as a felony under either state or federal law is a drug trafficking crime rising to the level of an "aggravated felony." *United States v. Simpson*, 319 F.3d 81, 85 (2d Cir. 2002). Because the sale of marijuana is punishable under the CSA, and because the respondent's conviction under New York Penal § 221.45 is defined as a class E felony under New York law, we conclude that the respondent has been convicted of a drug trafficking crime and an aggravated felony. It follows that the Immigration Judge correctly held that the respondent was statutorily ineligible for cancellation of removal or voluntary departure.

(*Id.*) (footnote added).

---

³ This section provides that "[t]he term 'aggravated felony' means . . . illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)[.]" 8 U.S.C. § 1101(a)(43)(B).

6. Some fourteen days following the Board's decision, on August 28, 2006, Maraj filed the instant habeas corpus petition in the United States District Court for the Western District of New York. (Doc. 19, Exhibit G) Petitioner's complaint was transferred to this Court on September 15, 2006. (*Id.*)

## CONCLUSIONS OF LAW

1. In *Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001), the Supreme Court determined that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."

2. In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

3. 8 U.S.C. § 1231 reads, in relevant part, as follows:

**(a)  Detention, release, and removal of aliens ordered removed**

    **(1)  Removal period**

**(A)   In general**

Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

**(B)   Beginning of period**

The removal period begins on the **latest** of the following:

**(i)**   The date the order of removal becomes administratively final.

**(ii)**   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

**(iii)**   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

**(C)   Suspension of period**

The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

**(2)   Detention**

> During the removal period, the Attorney General shall detain the alien. Under no circumstances during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

*Id.* (emphasis supplied). The Supreme Court in *Zadvydas* concluded that six months represents a presumptively reasonable period of time to detain a removable alien awaiting deportation pursuant to the provisions of this statute. 533 U.S. at 701, 121 S.Ct. at 2505 ("While an argument can be made for confining any presumption to 90 days, we doubt that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time. We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. . . . Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does

not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."); *see Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter.").

4. In *Akinwale*, the Eleventh Circuit determined that the six-month detention period recognized by the Supreme Court "must have expired" at the time a petitioner's § 2241 petition is filed "in order to state a claim under *Zadvydas*." 287 F.3d at 1052; *see also Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002) ("A six-month custodial period of time following the order of removal must have elapsed prior to the filing of a habeas petition challenging confinement under *Zadvydas*.").

5. In this case, Maraj has filed his § 2241 petition prematurely. In fact, petitioner's filing date in the instant action, August 28, 2006, came only fourteen (14) days after the date upon which his removal became administratively final (*see* Doc. 19, Exhibits F & G). In accordance with *Akinwale*, the six-month period has not yet expired;[4] thus, petitioner has not

---

[4] As conceded by the federal respondents, the six-month presumptively reasonable period of detention will expire on February 14, 2007. (Doc. 19, at 1) After that date, Maraj will

stated a claim for relief under 28 U.S.C. § 2241 and *Zadvydas*.


stated a claim for relief under 28 U.S.C. § 2241 and *Zadvydas*.

## CONCLUSION

For these reasons, the undersigned recommends that this Court dismiss, without prejudice, Hemdath Maraj's habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Maraj's petition has been prematurely filed under 8 U.S.C. § 1231 and *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) . The dismissal is without prejudice to petitioner's ability to file a new § 2241 petition in the future when he is able to state a claim under *Zadvydas*.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 5th day of February, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

be able to state a claim under § 2241 and *Zadvydas*. Of course, upon the filing of that petition, Maraj need establish "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<div style="text-align: right;">

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

</div>